**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000019
11-DEC-2024
08:01 AM
Dkt. 83 OP**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

---oOo---

PETER R. DONNELLY, Plaintiff-Appellant, v.
JUAN M. BARRIENTOS; JACQUELINE DE LUZ WATANABE;
DE LUZ AUTOMOTIVE LLC, dba DE LUZ CHEVROLET,
Defendants-Appellees,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10, Defendants

NO. CAAP-21-0000019

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH HILO DIVISION
(CASE NO. 3DRC-20-0000991)


DECEMBER 11, 2024

LEONARD, ACTING CHIEF JUDGE, AND WADSWORTH AND GUIDRY, JJ.


OPINION OF THE COURT BY WADSWORTH, J.

Self-represented Plaintiff-Appellant Peter R. Donnelly (**Donnelly**) went to the De Luz Chevrolet dealership in Hilo to order a custom truck. He claims that there, he and Defendant-Appellee Juan M. Barrientos (**Barrientos**) agreed on the terms of sale, including price, Donnelly put down a substantial deposit, and the truck was ordered for delivery to the dealership. Later, Donnelly was told that the truck had arrived at the dealership but was sold to another customer. Donnelly sued Barrientos, as well as Defendants-Appellees Jacqueline De Luz Watanabe (**De Luz Watanabe**), and De Luz Automotive, LLC dba De Luz Chevrolet (collectively, **Defendants**) for failing to deliver the truck. He sought a court order requiring delivery of the truck to him or,

alternatively, money damages.  Defendants filed a motion for judgment on the pleadings, arguing that they could not deliver the truck that Donnelly wanted because it was no longer manufactured, and the damages he sought were unfairly high.  The case was dismissed.

Donnelly appeals from the Final Judgment (**Judgment**) entered in favor of Defendants on December 29, 2020, in the District Court of the Third Circuit (**District Court**), North and South Hilo Division.[1/]  Donnelly also challenges the District Court's:  (1) December 29, 2020 "Order Granting Defendants['] . . . Motion for Judgment on the Pleadings"; (2) December 29, 2020 "Order Denying . . . Donnelly's Motion for Reconsideration or New Trial, Filed August 19, 2020"; (3) December 29, 2020 "Findings of Fact, Conclusions of Law, Order Granting Defendants['] . . . Request for Attorney's Fees and Costs" (**Fee Order**); and (4) March 4, 2021 "Findings of Fact, Conclusions of Law, and Order Granting Defendant[s'] Motion for Judgment on the Pleadings Filed on June 15, 2020" (**FOF** or **COL**).

Donnelly contends that the District Court erred in refusing to properly apply the Uniform Commercial Code (**UCC**) to his replevin and breach of contract claims, and in granting Defendants' motion for judgment on the pleadings.

We hold that the District Court erred in granting the motion for judgment on the pleadings, where genuine issues of material fact precluded judgment in Defendants' favor as a matter of law.  In particular, Defendants had the burden to produce admissible evidence supporting their impossibility defense, *i.e.*, that the particular vehicle Donnelly wished to purchase was no longer manufactured.  They failed to meet that burden.

The District Court further erred in concluding that "the doctrine of unjust enrichment" precluded Donnelly's damages claim as a matter of law.  Donnelly's complaint, which sought replevin pursuant to Hawaii's version of the UCC, also stated a claim for breach of contract, and sought damages measured by the full, unpaid purchase price of the truck he ordered.  The

---

[1/]      The Honorable M. Kanani Laubach presided.

District Court was correct that Donnelly cannot recover his requested amount of damages, *i.e.*, if it turns out that the truck he wanted cannot be delivered to him.  However, that would not preclude Donnelly from presenting evidence of any contract damages he did incur, including any incidental or consequential damages.

We therefore vacate the Judgment.

## I.  Background

On June 4, 2020, Donnelly filed a "Complaint for Return of Personal Property (Replevin)" against Defendants.  He alleged that: (1) he visited the De Luz Chevrolet dealership to order a custom truck; (2) Defendants offered to sell Donnelly the truck for $38,199.58, which he accepted; (3) Defendants required Donnelly to pay a deposit of $3,613.00, which he did via check; (4) Defendants ordered the custom truck from the mainland; (5) when Donnelly later contacted Defendants to inquire about delivery of the truck, he was eventually told that the truck had been delivered to the dealership and sold to a third-party purchaser; (6) Defendants offered to sell Donnelly a "non-conforming" substitute truck, but the parties failed to agree on a purchase price; and (7) Defendants returned Donnelly's deposit to him.  Donnelly asserted that a contract of sale was formed, which Defendants failed to perform and then repudiated; he sought a judgment and writ of replevin turning over possession of the truck to him or, in the alternative, judgment in the amount of $38,199.58, "the value of the custom ordered . . . truck[.]"

On June 15, 2020, Defendants filed an answer to the complaint and a motion for judgment on the pleadings under District Court Rules of Civil Procedure (**DCRCP**) Rule 12(c).  In the motion, Defendants contended that they could not perform the alleged contract because the particular vehicle Donnelly wished to purchase was no longer manufactured, and a judgment in the amount of $38,199.58 would unjustly enrich Donnelly.

The District Court granted the motion, concluding that "[p]ursuant to Porter v. Hu, 116 Hawaiʻi 42, 54-55, 169 P.3d 994, 1006-[07 (2007),] . . . the doctrine of unjust enrichment shall

3

apply in this case[, and l]ooking at the undisputed facts in this case, to award [Donnelly] the sum of $38,199.58 would be an unjust and inequitable remedy."

On August 6, 2020, Defendants filed a declaration by their attorney supporting their request for an award of attorneys' fees and cost.

On December 29, 2020, the District Court granted Defendants' request, concluding that "[Donnelly's] claims are frivolous and are not reasonably supported by the facts and law." The court ordered Donnelly to pay Defendants' attorneys' fees and costs in the amount of $11,248.34. The Judgment was entered on the same date.

This appeal followed.

## II. Discussion

On appeal, Donnelly contends that the District Court erred in:

(1) refusing to properly apply the UCC;

(2) granting the motion for judgment on the pleadings, where (a) there was a genuine issue of material fact as to whether a contract was formed between the parties, (b) there was a genuine issue of material fact as to whether Defendants breached the contract, and (c) the unjust enrichment doctrine was not properly applied;

(3) COL 3, by concluding that (a) "even if . . . a contract existed, it is undisputed that it would be impossible for Defendants to legally perform . . . as the [desired] truck . . . is no longer made by the manufacturer[,]" and (b) "[n]o one has retained a benefit in this case";

(4) FOF 33, by finding that "[o]n, March 27, 2020, . . . Barrientos presented [Donnelly] the sales price of [a] replacement truck of $35,200.00 . . . ";

(5) denying Donnelly's motion for reconsideration; and

(6) awarding Defendants their attorneys' fees and costs.[2]

_____

[2] Donnelly raised eleven points of error in his opening brief. They have been consolidated and restated for purposes of clarity.

**A.**

We must first decide what standard applied to the District Court's decision-making on Defendants' dispositive motion. The motion requested a judgment on the pleadings under DCRCP Rule 12(c). However, if matters outside the pleadings were presented and not excluded by the District Court, the court was required to treat the motion as one for summary judgment and dispose of it as provided by DCRCP Rule 56. See DCRCP Rule 12(c).

Donnelly's complaint was supported by several exhibits, including Donnelly's alleged "virtual on-line truck build" with Barrientos' alleged hand-written offer to sell the truck for $38,199.58; Donnelly's check to De Luz Chevrolet for $3,613.00; the purported purchase order for the truck allegedly submitted by Barrientos; and information and specifications for the proposed replacement truck. In their answer, Defendants denied many of the material allegations of the complaint. Additionally, on June 23, 2020, Defendants filed a declaration by De Luz Watanabe supporting their Rule 12(c) motion, which Defendants relied on during the July 1, 2020 hearing of the motion.

Because the District Court did not exclude the matters outside the pleadings that were presented to the court, we review the court's grant of the Rule 12(c) motion as a ruling on summary judgment. See Foytik v. Chandler, 88 Hawaiʻi 307, 313, 966 P.2d 619, 625 (1998); see also Hawaii Med. Ass'n v. Hawaii Med. Serv. Ass'n, 113 Hawaiʻi 77, 90, 148 P.3d 1179, 1192 (2006) ("A Rule 12(c) motion for a judgment on the pleadings only has utility when all material allegations of fact are admitted in the pleadings and only questions of law remain." (quoting Baehr v. Lewin, 74 Haw. 530, 546, 852 P.2d 44, 52 (1993), abrogated on other grounds by Obergefell v. Hodges, 576 U.S. 644 (2015))).

We review the grant or denial of summary judgment de novo. See, e.g., First Ins. Co. of Hawaii, Ltd. v. A & B Props., Inc., 126 Hawaiʻi 406, 413, 271 P.3d 1165, 1172 (2012) (quoting Nuuanu Valley Ass'n v. City & Cnty. of Honolulu, 119 Hawaiʻi 90, 96, 194 P.3d 531, 537 (2008)). As often stated:

> Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and inferences drawn therefrom in the light most favorable to the party opposing the motion.

Id. at 413–14, 271 P.3d at 1172–73 (brackets omitted) (quoting Nuuanu Valley, 119 Hawaiʻi at 96, 194 P.3d at 537).

**B.**

Donnelly contends that the District Court erred in granting the motion for judgment on the pleadings because there were genuine issues of material fact as to whether a contract was formed between the parties and breached by Defendants, and because the unjust enrichment doctrine was not properly applied in these circumstances. In response, Defendants downplay Donnelly's breach of contract allegations, arguing he "could have sued for breach of contract," but "instead chose replevin." They contend that because Donnelly never had title to or possession of, and did not tender full payment for, the truck, he was "not entitled to damages under replevin as a matter of law."

Donnelly's complaint sought replevin pursuant to Hawaii's version of the UCC – specifically, Hawaii Revised Statutes (**HRS**) § 490:2-716(3) (2008). He did not seek replevin pursuant to HRS § 654-1(a). Cf. Kahawaiolaa v. Hawaiian Sun Invs., Inc., 146 Hawaiʻi 424, 434, 463 P.3d 1081, 1091 (2020) (noting that "[a]n action in replevin seeks return of specific personal property" and "HRS § 654-1(a) codifies replevin into statute."). Under HRS § 490:2-716(3):

> The buyer has a right of replevin for goods identified to the contract if after reasonable effort the buyer is unable to effect cover[3] for such goods or the circumstances reasonably indicate that such effort will be unavailing or if the goods have been shipped under reservation and

---

[3] To "cover" means to "mak[e] in good faith and without unreasonable delay any reasonable purchase of or contract to purchase goods in substitution for those due from the seller." HRS § 490:2-712(1) (2008).

> satisfaction of the security interest in them has been made or tendered. In the case of goods bought for personal, family, or household purposes, the buyer's right of replevin vests upon acquisition of a special property, even if the seller had not then repudiated or failed to deliver.

(Footnote added.)

The language of HRS § 490:2-716(3) is taken from UCC § 2-716(3). Comment 3 to UCC § 2-716 states in part:

> The legal remedy of replevin is given to the buyer in cases in which cover is reasonably unavailable and goods have been identified to the contract. This is in addition to the buyer's right to recover identified goods under Section 2-502. For consumer goods, the buyer's right to replevin vests upon the buyer's acquisition of a special property, which occurs upon identification of the goods to the contract. See Section 2-501.

In their motion, Defendants raised impossibility of performance as a defense. They contended that "performance of the contract (assuming one existed) is not possible since the truck [Donnelly] wanted is no longer made by the manufacturer[.]" They further contended, "[a]ssuming this sale is subject to the [UCC], Defendants' performance is excused due to a failure of presupposed conditions[,]" pursuant to HRS § 490:2-615, "based on the non-availability of the truck [Donnelly] wants." Defendants argued that "[b]ased on these authorities, the Court should not allow [Donnelly] to basically parlay this mistake to unjustly enrich him in the amount he seeks in his Complaint."

The District Court erred in granting the motion for judgment on the pleadings, where genuine issues of material fact precluded judgment as a matter of law. At the outset, the parties disputed whether a contract for the sale of the truck was formed. Donnelly declared under penalty of law that Defendants offered to sell him the truck for $38,199.58, which he accepted, tendering the required deposit via check. Defendants asserted, based on the De Luz Watanabe declaration, that no contract was formed. There also was conflicting evidence as to whether Donnelly made a reasonable effort to effect cover, and if so, whether he was unable to effect cover or the circumstances reasonably indicated that such effort would be unavailing. In sum, the court did not determine – nor could it based on the conflicting evidence presented – that Donnelly would be unable to

7

prove the elements of a claim for replevin under HRS § 490:2-716(3).

As to Defendants' impossibility/failure-of-conditions defense, Defendants appear to have presented no evidence in the District Court that the particular vehicle Donnelly wished to purchase was no longer manufactured.[4/]  Defendants merely asserted that Donnelly admitted that the truck was no longer manufactured. Not so.  In his complaint, Donnelly alleged that Barrientos told him that another truck conforming to his specifications could not be built because Chevrolet no longer offered the paint color that was ordered.  In his opposition to Defendants' motion, Donnelly pointed out that this assertion was unsubstantiated.  He makes a related argument on appeal.

In order to support their impossibility/failure-of-conditions defense on summary judgment, Defendants had the burden to produce admissible evidence supporting the elements of the defense.  See U.S. Bank Nat'l Ass'n v. Castro, 131 Hawaiʻi 28, 41, 313 P.3d 717, 730 (2013) ("Generally, the defendant has the burden of proof on all affirmative defenses, which includes the burden of proving facts which are essential to the asserted defense." (quoting GECC Fin. Corp. v. Jaffarian, 79 Hawaiʻi 516, 526 n.3, 904 P.2d 530, 540 n.3 (App. 1995)); see also Lambert v. Waha, 137 Hawaiʻi 423, 432, 375 P.3d 202, 211 (2016) ("In order to support the defense of adverse possession on summary judgment, the defendant asserting it must 'produce material in support of the affirmative defense.'" (brackets omitted) (quoting Castro, 131 Hawaiʻi at 41, 313 P.3d at 730)).  Defendants failed to meet this burden.  The District Court thus clearly erred in concluding that "even if this court found that a contract existed, it is undisputed that it would be impossible for Defendants to legally perform under the contract as the truck [Donnelly] had desired is no longer made by the manufacturer which was not known or contemplated on October 22, 2019."

The District Court also erred in concluding that under Porter, "the doctrine of unjust enrichment" precluded Donnelly's

---

[4/]     Indeed, it appears that Defendants presented no evidence that the truck was actually sold to a third-party purchaser.

claim as a matter of law, because "[l]ooking at the undisputed facts in this case, to award [Donnelly] the sum of $38,199.58 would be an unjust and inequitable remedy." Porter, among other things, confirmed the elements of an affirmative claim for unjust enrichment and recognized that there must be an "absence of an adequate remedy at law" to bring such a claim. 116 Hawaiʻi at 55, 169 P.3d at 1007 (quoting Bd. of Dirs. of the Ass'n of Apt. Owners of Regency Tower Condo. Project v. Regency Tower Venture, 2 Haw. App. 506, 513, 635 P.2d 244, 249 (1981)). Porter did not recognize unjust enrichment as an affirmative defense to any claim.

In any event, the District Court need not have cited Porter to conclude – as it apparently did – that in the circumstances of this case, Donnelly could not recover the full purchase price of the truck he ordered. That common-sense conclusion, however, did not warrant dismissal of Donnelly's claims, for at least two reasons. First, as discussed above, genuine issues of material fact precluded judgment as a matter of law on the replevin claim. Second, Donnelly's complaint, although not labeled as such, plainly stated a claim for breach of contract – or its UCC equivalent – against Defendants. See In re Office of Info. Practices Op. Letter No. F16-01, 147 Hawaiʻi 286, 294, 465 P.3d 733, 741 (2020) ("Pleadings prepared by pro se litigants should be interpreted liberally, and Hawaiʻi courts and agencies should not construe pro se filings in a manner that leads to a decision that does not promote access to justice." (citing Dupree v. Hiraga, 121 Hawaiʻi 297, 314, 219 P.3d 1084, 1101 (2009); Waltrip v. TS Enters., Inc., 140 Hawaiʻi 226, 241, 398 P.3d 815, 830 (2016))). Put simply, Donnelly alleged that the parties formed a contract for sale of a custom truck, he put down a substantial deposit, and Defendants failed to deliver. He sought an order requiring delivery of the truck to him or, alternatively, money damages. Even if replevin (or specific performance) turned out, based on the evidence, to be unavailable as a remedy in these circumstances, that by itself would not necessarily preclude Donnelly from presenting evidence of any contract damages he incurred, including any incidental or

consequential damages.  Accordingly, it was error to dismiss Donnelly's underlying breach of contract claim.

In light of our disposition, we vacate the Fee Order, including the underlying findings of fact, many of which were disputed in the Rule 12(c) proceeding.  The District Court erroneously concluded that "[Donnelly's] claims are frivolous and are not reasonably supported by the facts and law."  Donnelly's claims are not frivolous.  The District Court abused its discretion in entering the Fee Order.

Given our disposition, we need not address Donnelly's remaining contentions.

### III.  Conclusion

For the reasons discussed above, we vacate:  (1) the December 20, 2020 Final Judgment; (2) the December 29, 2020 "Order Granting Defendants['] . . . Motion for Judgment on the Pleadings"; (3) the December 29, 2020 "Order Denying . . . Donnelly's Motion for Reconsideration or New Trial, Filed August 19, 2020"; (4) the December 29, 2020 "Findings of Fact, Conclusions of Law, Order Granting Defendants['] . . . Request for Attorney'S Fees and Costs"; and (5) the March 4, 2021 "Findings of Fact, Conclusions of Law, and Order Granting Defendant[s'] Motion for Judgment on the Pleadings Filed on June 15, 2020."  This case is remanded to the District Court for further proceedings consistent with this Opinion.


On the briefs:

Peter R. Donnelly                        /s/ Katherine G. Leonard
Self represented                         Acting Chief Judge
Plaintiff-Appellant


                                         /s/ Clyde J. Wadsworth
Lincoln S.T. Ashida,                     Associate Judge
Vaughn G.T. Cook,
Brian W. Tilker, and
Andrew D. Chianese                       /s/ Kimberly T. Guidry
(Torkildson Katz Hetherington           Associate Judge
Harris & Knorek)
for Defendants-Appellees